**STATE of Iowa, Appellee,**

v.

**Charles MILAM, Appellant.**

No. 88–814.

Court of Appeals of Iowa.

Aug. 23, 1989.

William L. Wegman, State Public Defender, and Barbara M. Anderson, Asst. State Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Julie A. Halligan, Asst. Atty. Gen., for appellee.

Considered by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Charles Milam was convicted by a jury of operating while intoxicated and assault with intent to inflict serious injury. Defendant appeals, contending the trial court abused its discretion by denying his motion for a continuance and erred in giving a jury instruction on joint criminal conduct. Upon review, we find neither abuse of discretion nor reversible error. We affirm.

Kimberly Cunningham was driving home alone on the night of February 3, 1988. She was going north on Interstate 35, en route to Ames from Ankeny, after attending classes at Des Moines Area Community College and working in the college library. In order to pass a slow-moving truck, she signaled and moved into the left lane. Although she checked in her rearview mirror prior to the lane change and saw no cars, just as she finished the maneuver, headlights appeared right behind her. According to Kimberly, the headlights were off until she changed lanes. The car, driven by defendant's brother, Brian Milam, was so close to hers she was unable to see its bumper.

Kimberly sped up to get out of the Milam's way, but they increased their speed as well. Defendant's car passed on the right, cut in front of her, and began swerving into both lanes, which caused a truck to veer off the road. The Milams continued to chase Kimberly and forced her off the highway. When she stopped, the brothers jumped out of their car. Defendant ran from the passenger side, jumped on the hood of Kimberly's car, pounded on it, and screamed at her. The driver was screaming while beating on the driver's side door and window. When she was able to drive away, they returned to their car and continued to chase her. During the course of this episode, they rammed into Kimberly's car on three separate occasions while traveling at a speed of at least sixty miles per hour. She was forced off the road two more times as a result. According to Kimberly's testimony, in between the first and second time her car was rammed, both cars had come to a stop. She saw the defendant, Charles, leave the car on the passenger's side, and when he returned he got in on the driver's side. They then began to chase her again.

Kimberly, needless to say, was becoming increasingly more frightened. Her gas tank was almost empty. She made a u-turn across the median strip, heading south toward Ankeny, in the hope of eluding them. Although Milam's car slid into a ditch, they eventually caught up with her after following her off an exit ramp and down a gravel road to a farm house, where she sought help. Both brothers followed her into the farmhouse and screamed at her and poked her in the chest. Both Brian and Kimberly called the police from the farmhouse. The defendant was taken by ambulance to a hospital because he was convulsing and having difficulty breathing. Brian was arrested and taken to the Polk County Jail.

The defendant was charged with OWI and assault with intent to inflict serious injury. The jury trial began on May 11,

1988, and ended on May 12, 1988. At the close of the State's case, defendant moved for a continuance because the only defense witness, Brian Milam, although served with a subpoena, failed to appear. Defendant did not testify. The defense attorney said he thought Brian had gone out of state to attend his father's funeral. Although the attorney stated he had expected the witness to return the previous evening, he was unable to reach him by phone. Defendant's request for a continuance was denied. The defense rested, presenting no witnesses. Defendant objected to the proposed jury instruction on joint criminal conduct arguing there was not substantial evidence to justify that instruction. The trial court overruled the objection. The jury found Charles Milam guilty as charged.

The issues presented on appeal are: 1) the trial court abused its discretion in denying defendant's motion for a continuance; and 2) the trial court erred in overruling defendant's objection to the jury instruction on joint criminal conduct.

I. *Motion for a Continuance.* Because the defendant raises the constitutional issue of the right to present a criminal defense and offer witnesses on his behalf, our scope of review is an independent evaluation of all the facts. *State v. Cullison,* 227 N.W.2d 121, 126–27 (Iowa 1975).

A ruling on a motion for continuance is for the sound discretion of the court. *State v. Slayton,* 417 N.W.2d 432, 435 (Iowa 1987).

This discretion is very broad. *State v. McGinnis,* 243 N.W.2d 583, 586 (Iowa 1976). A ruling on such a motion will only be disturbed if the trial court has abused its discretion. *State v. Marti,* 290 N.W.2d 570, 588 (Iowa 1980).

■ The defendant requested a continuance because he was unable to produce, or locate with certainty, his only defense witness. The witness's wife had received the subpoena after the witness had allegedly left the state. The attorney was not able to contact the witness by phone and did not know if the witness was in Iowa. The trial court based its ruling on the conclusion the defense had ample time since the pretrial conference to assure the attendance of its witnesses. Upon our independent evaluation of all the facts, we determine there was not an abuse of the trial court's broad discretion in ruling on defendant's motion for continuance.

II. *Jury Instruction on Joint Criminal Conduct.* Our scope of review is for errors of law. *State v. Cullison,* 227 N.W.2d at 126–27. The general rule is a trial court's instructions must have support in the record. *State v. Bone,* 429 N.W.2d 123, 126 (Iowa 1988). The trial court gave an instruction on joint criminal conduct applicable to the assault charge, based on Brian's actions when screaming and beating on Kimberly's car (simple assault) and assault with intent (ramming into her car). The basis of defendant's objection centers on an alleged lack of substantial evidence to support a finding the defendant committed a different crime than the one committed by the codefendant. In other words, there isn't substantial evidence the defendant was *not* driving the car when it rammed into Kimberly's car. Defendant maintains he is entitled to a new trial without this instruction.

■ An error in instructing a jury doesn't require reversal unless it is prejudicial. *State v. Bone,* 429 N.W.2d at 127. The supreme court in *Bone* quoted *Rose v. Clark,* 478 U.S. 570, 582 n. 11, 106 S.Ct. 3101, 3108 n. 11, 92 L.Ed.2d 460, 473 n. 11, to explain harmless error.

Harmless-error analysis addresses a different question: what is to be done about a trial error that, in theory, may have altered the basis on which the jury decided the case, but in practice clearly had no effect on the outcome?

■ The defendant was charged with OWI and assault with intent to inflict serious injury. The jury received instructions on, among other things, simple assault, assault with intent to commit serious injury and joint criminal conduct, applicable only to the assault charge. Defendant was found guilty of operating a motor vehicle while intoxicated. He does not challenge this. The jury found there was sufficient

evidence to find, beyond a reasonable doubt, the defendant on the date in question operated a motor vehicle and at the time defendant was under the influence of alcohol. There is substantial evidence in the record, then, to support the finding the defendant was driving the car on one of the occasions when it slammed into Kimberly's car. Defendant was found guilty of assault with intent to commit serious injury. The jury instruction on joint criminal conduct, though it may in theory have changed the basis of the jury's decision, in practice had no effect on its outcome. There is no prejudice.

AFFIRMED.