In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-1727

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

CARLOS A. VASQUEZ-ABARCA,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 780-1—**Charles P. Kocoras**, *Chief Judge*.

ARGUED DECEMBER 17, 2002—DECIDED FEBRUARY 14, 2003
OPINION PUBLISHED JULY 7, 2003*

Before BAUER, CUDAHY, and COFFEY, *Circuit Judges*.

COFFEY, *Circuit Judge*. After Carlos A. Vasquez-Abarca, a Mexican citizen without legal status in this country, pleaded guilty to one count of being present in the United States without permission, *see* 8 U.S.C. § 1326(a) and (b)(2), the district court sentenced him to 57 months' incarceration. On appeal he argues that the court erred by imposing a 16-level increase in his offense level because

---

* Pursuant to Circuit Rule 53, this decision was originally issued as an unpublished order. Upon request, we now issue the decision as a published opinion.

his prior conviction for aggravated criminal sexual abuse of a minor was not a "crime of violence." The court found that it was a crime of violence and imposed the 16-level increase. We affirm.

In June 1996 an Illinois jury convicted Vasquez-Abarca of aggravated criminal sexual abuse of a minor, *see* 720 ILCS 5/12-16(c)(1)(i), after he touched the breast of a 12-year-old girl. Approximately one year later, he was deported to Mexico, and soon thereafter reentered the United States illegally. In December 1999 Vasquez-Abarca was convicted in Georgia of criminal trespass; nine months later, he was convicted in Illinois of failing to register as a sex offender. In September 2001 agents of the Immigration and Naturalization Service located Vasquez-Abarca at his home in Cicero and took him into custody for being in the country illegally.

One month later Vasquez-Abarca was charged by information with being present in the United States without permission in violation of § 1326(a) and (b)(2). Vasquez-Abarca eventually pleaded guilty to this charge after entering into a written plea agreement that allowed him to contest the question of whether the underlying conviction that led to his deportation qualified as a "crime of violence" justifying a 16-level increase in his offense level under § 2L1.2(b)(1)(A) of the United States Sentencing Guidelines. Vasquez-Abarca contested this at the sentencing hearing, and the court, over his objection, concluded that his underlying conviction was for a "crime of violence," and properly applied a 16-level increase in his offense level.

On appeal Vasquez-Abarca argues that he should not have received this 16-level increase in his offense level. Instead, he claims that his offense level should only have been increased by eight levels because the crime he committed qualified as an "aggravated felony," justifying an

eight-level increase under U.S.S.G. § 2L1.2(b)(1)(C). The trial court rejected his argument and increased his offense level by 16 levels rather than eight because his conviction was for a "crime of violence." Specifically, the court concluded that the crime for which he previously had been convicted, *aggravated sexual abuse of a minor*, qualified as a "crime of violence" because the crime of "sexual abuse of a minor" is explicitly listed as a crime of violence in the application notes of § 2L1.2(b)(1)(C). The court's determination that his conviction for the crime of aggravated sexual abuse of a minor was for a "crime of violence" under § 2L1.2 is a legal conclusion subject to *de novo* review. *United States v. Martinez-Carillo*, 250 F.3d 1101, 1103 (7th Cir.), *cert. denied*, 122 S. Ct. 285 (2001). Section 2L1.2(a) mandates a base offense level of eight for an alien's illegal entry, *United States v. Chavez-Chavez*, 213 F.3d 420, 421 (7th Cir. 2000), but reentry after conviction for a "crime of violence" authorizes an adjustment of 16 levels. Under Application Note 1(B)(ii) of § 2L1.2, a "crime of violence" includes crimes that involve physical force, as well as certain enumerated offenses:

"Crime of violence"—

> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses *(including sexual abuse of a minor)*, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2 comment. (n.1(B)(ii)) (emphasis added). The court applied the 16-level upward adjustment after finding that Vasquez-Abarca had been convicted of one of the crimes listed in subparagraph II.

Vasquez-Abarca mistakenly argues that a prior conviction is only for a "crime of violence" if it involved force under subparagraph I of Application Note 1(B)(ii), *and* is one of the offenses enumerated in subparagraph II. But Application Note 1(B)(ii) would not make sense if it required a prior conviction to fall within both subparagraphs. Vasquez-Abarca's reading ignores the word "includes" contained in subsection II—an illustrative term, *see Richardson v. Nat'l City Bank of Evansville*, 141 F.3d 1228, 1232 (7th Cir. 1998), and subparagraph II is rendered superfluous under Vasquez-Abarca's interpretation. *See Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 808 (7th Cir. 2002) (courts are loath to adopt constructions that render a statutory provision superfluous); *see also TRW Inc. v. Andrews*, 122 S. Ct. 441, 449 (2001). According to Vasquez-Abarca's reasoning, certain crimes enumerated under subparagraph II that do not necessarily involve physical force would not qualify as a "crime of violence," effectively nullifying their inclusion in the commentary. Thus, the offenses listed in subparagraph II do not require the prosecution to establish actual, attempted, or threatened use of force, for the precise reason that they are explicitly listed. *United States v. Rayo-Valdez*, 302 F.3d 314, 317 (5th Cir.), *cert. denied*, 123 S. Ct. 694 (2002); *see also United States v. Rutherford*, 54 F.3d 370, 378 (7th Cir. 1995) (Easterbrook, J. concurring) (noting that the Commission dispensed with the need for judicial classification of offenses enumerated as "crimes of violence" under U.S.S.G. § 4B1.2).

This court has not addressed the issue, but the same argument set forth by Vasquez-Abarca has been recently rejected by two sister circuits; the Fifth, in *Rayo-Valdez*; and the Eighth, in *United States v. Gomez-Hernandez*, 300 F.3d 974 (8th Cir. 2002), *cert. denied*, 2003 WL 99711 (Jan. 13, 2003) (No. 02-7705). In *Rayo-Valdez*, the court affirmed a 16-level upward adjustment for an illegal alien

who had been previously convicted of sexual abuse of a minor. *Rayo-Valdez*, 302 F.3d at 320. In doing so, the Fifth Circuit noted that under the plain language of Application Note 1(B)(ii) of § 2L1.2, a "crime of violence" means those crimes described in subparagraph I and includes those crimes set forth in subparagraph II. *Id.* at 316. In *Gomez-Hernandez*, the court held that under the plain meaning of Application Note 1(B)(ii), the offenses enumerated in subparagraph II do not have to involve force to warrant an upward adjustment. The court noted that although the term "and" is usually conjunctive, the Sentencing Commission's use of the word "includes" requires the term to be construed disjunctively; otherwise subparagraph II would be rendered superfluous. *Gomez-Hernandez*, 300 F.3d at 979. It is a clear application of common sense that a crime designated as a crime of violence in Application Note 1(B)(ii) is indeed a "crime of violence."

Vasquez-Abarca further argues that a conjunctive meaning must have been intended because the prior definition of "crime of violence" had two subparts connected by "or." *See* U.S.S.G. § 4B1.2(a), incorporated by reference in § 2L1.2(n.1) (2000). Under that provision, a "crime of violence" involves force, *or* is one of several enumerated offenses:

> (a) the term crime of violence means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury.

U.S.S.G. § 4B1.2(a). The district court's interpretation, as well as the decisions of the Eighth and Fifth Circuits, is the most logical reading for it allows the two provisions to be read consistently, *see Gomez-Hernandez*, 300 F.3d at 979, and thus there is no reason to believe that the Commission wanted to significantly alter the definition of "crime of violence" when instituting the recent amendment. *See* U.S.S.G., Manual, App. C Supp., Amendment 632; *Rayo-Valdez*, 302 F.3d at 316 n.2.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*