# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1718

_____

United States of America,                    *
                                              *
                    Appellee,                 *
                                              *   Appeal from the United States
          v.                                  *   District Court for the
                                              *   Southern District of Iowa.
Aaron Lynn Selby,                             *
                                              *        [UNPUBLISHED]
                    Appellant.                *

_____

Submitted: June 16, 2006
Filed: June 19, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Aaron Lynn Selby (Selby) challenges the sentence imposed by the district court[1] after he pled guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C §§ 846 and 841(b)(1)(A), and conspiring to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D). Selby was subject to a mandatory minimum sentence of life imprisonment. Prior to sentencing, however, the government filed a substantial-assistance downward-departure motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 and recommended a 20% sentence reduction

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

of 405 months. Selby, on the other hand, requested that the court consider 360 months as the starting point for his substantial-assistance reduction. The court ultimately sentenced Selby to 263 months' imprisonment, which represented a 35% reduction from 405 months.

On appeal, Selby contends that the district court erred in "arbitrarily" choosing 405 months as the starting point from which to apply the substantial-assistance departure and that "life" is more appropriately defined in this context as 360 months. For support, Selby relies upon 18 U.S.C. § 3582(c)(1)(A)(ii), and United States v. Prevatte, 66 F.3d 840 (7th Cir. 1995). Selby maintains that, if the court had properly defined life as 360 months, a 35% reduction would have resulted in a 234-month sentence.

We review de novo the district court's interpretation and application of the Guidelines. See United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). "When construing the Guidelines, we look first to the plain language, and where that is unambiguous we need look no further." United States v. Bah, 439 F.3d 423, 427 (8th Cir. 2006) (quotation omitted). Where the plain language of the Sentencing Guidelines is ambiguous, we will interpret the Guidelines in the manner that most clearly adheres to the Sentencing Commission's intent. See, e.g., United States v. Gomez-Hernandez, 300 F.3d 974, 978-79 (8th Cir. 2002). The best source of the Sentencing Commission's intent is the Sentencing Guidelines Manual itself. See United States v. Laughrin, 438 F.3d 1245, 1249 (10th Cir. 2006). The Sentencing Guidelines Manual does not specifically set forth, for a life sentence, a fixed equivalent in terms of months. It is clear, however, that the Sentencing Commission's intent was not to define a life sentence as 360 months, because under the Sentencing Table, there are two separate sentencing levels where the range goes up to 405 months before reaching life. See generally U.S.S.G. Ch. 5, Pt. A (Sentencing Table). In other words, Selby supports an interpretation that would render a sentence of 360 months (Selby's presumptive life sentence under the Guidelines) appropriate for crimes more

serious than those warranting a sentence of 405 months. This clearly was not the Sentencing Commission's intent. Additionally, it appears Selby actually received a favorable starting point of 405 months. See 2004 Sourcebook of Federal Sentencing Statistics, United States Sentencing Commission, Appendix A ("Prior to fiscal year 1993, the Commission defined life sentences as 360 months. However, to reflect life expectancy of federal criminal defendants more precisely and to provide more accurate length of imprisonment information, life sentences are now defined as 470 months."); see also United States v. Keller, 413 F.3d 706, 711 (8th Cir.) (rejecting argument that district court erroneously calculated substantial-assistance reduction on life sentence; holding that court used correct starting point of 470 months), cert. denied, 126 S. Ct. 786 (2005). Accordingly, we hold Selby has failed to demonstrate the district court erred in using 405 months as the starting point for applying the substantial-assistance departure.

We further hold that Selby's reliance on section 3582(c)(1)(A)(ii) is misplaced because that provision does not set the definitive standard as to what is meant by a life sentence under the statutory sentencing framework. Rather, it applies to the discretionary modification of a sentence for a defendant who is at least 70 years old, has served at least 30 years in prison, and is no longer considered dangerous. Selby's reliance on Prevatte likewise is misplaced because Prevatte does not involve the application of a mandatory minimum sentence of life. See Prevatte, 66 F.3d at 843 (holding 636-month sentence was abuse of discretion in light of Seventh Circuit's prior holding that where legislatively enacted sentencing scheme has expressly deprived court of possibility of imposing life sentence, sentence for term of years exceeding defendant's approximate life expectancy would ordinarily constitute abuse of discretion (quotation omitted)).

For the foregoing reasons, we affirm.

_____