# IN THE COURT OF APPEALS OF IOWA

No. 18-2162
Filed April 29, 2020

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**GREGORY JOHN SCHULDT,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

　　A defendant appeals his convictions for intimidation with a dangerous weapon and going armed with intent. **AFFIRMED.**

　　Susan R. Stockdale, West Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

　　Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

A jury convicted Gregory Schuldt of intimidation with a dangerous weapon and going armed with intent. He appeals those verdicts, alleging his trial counsel failed to challenge the State's proof that he acted with the specific intent necessary to commit those offenses. Because Schuldt cannot show he was prejudiced by counsel's performance, we affirm his convictions.

### I.       Facts and Prior Proceedings

"Take that damn thing out of my bar, and don't freaking bring it back." That was the bartender's warning to her regular customer Gregory Schuldt, whom she knew as "Carl". On a June night in 2018, Schuldt came into Michelle's Lounge around six o'clock acting "highly agitated" and arguing with the other patrons. To defuse the situation, the bartender gave him a hug, because she was a "hugging kind of lady." During the embrace, she felt the pistol on Schuldt's side. The bartender told him to "get out" with the weapon.

About two hours later, Schuldt returned to the bar. The bartender said he could stay as long as "we don't have any more issues." But issues they had. As Schuldt drank more beer, he grew more "argumentative" with the other customers. So much so, that the bartender renewed her request that he leave. Schuldt didn't want to leave and kept trying to come back in the door. Several of the two dozen other customers helped usher him out.

About two minutes later, the bartender heard a "pop, pop, pop noise" outside the front door. One shot pierced the "dead center" of the metal door. Other

bullets travelled through to the kitchen.[1]  Recognizing gunfire, the bartender ran for the phone and called 911.  As she looked out the door, she saw Schuldt driving away on his red Victory motorcycle with "CAARLL" on the license plate.  She remembered being "scared to death" by the shooting.

Another patron, Scott, was outside the bar smoking when the shooting started.  He saw two bullets hit a pickup truck parked in front of Michelle's Lounge.  He also viewed Schuldt drive away on the distinctive motorcycle.  Des Moines police tracked down video footage from a nearby gas station that corroborated the witnesses' memory of the motorcycle leaving the bar just shy of midnight.

The State charged Schuldt with five crimes: (1) intimidation with a dangerous weapon in violation of Iowa Code section 708.6 (2018); (2) going armed with intent in violation of section 708.8; (3) possession of a firearm by a prohibited person in violation of section 724.26(2)(a); (4) possession of ammunition by a prohibited person, also in violation of section 724.26(2)(a); and (5) driving while barred in violation of section 321.561.  After a two-day trial, a jury returned guilty verdicts on all five counts.  Schuldt now appeals the first two of those five convictions, alleging his trial counsel was ineffective.[2]

---

[1] In all, investigators recovered seven casings from the crime scene.

[2] Iowa Code no longer allows us to decide claims of ineffective assistance of counsel on direct appeal.  *See* 2019 Iowa Acts ch. 140, § 31 (to be codified at Iowa Code § 814.7 (2020)).  But our supreme court held in *State v. Macke* that this provision only applies to direct appeals from judgment entered after July 1, 2019. 933 N.W.2d 226, 228 (Iowa 2019).  Because the district court entered judgment on December 18, 2018, we may consider Schuldt's claim of ineffective assistance. *See State v. Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020).  We often preserve ineffective-assistance claims for postconviction-relief proceedings.  *Id.*  But here the record is adequate to resolve the claim.

## II. Scope and Standards of Review

We review ineffective-assistance-of-counsel claims de novo. *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019). But that is not the only standard at issue. Schuldt contends his trial attorney was ineffective for failing to be specific in his motion for judgment of acquittal, disputing the sufficiency of evidence. *Id.* We review substantial evidence claims for corrections of errors at law. *Id.*

## III. Analysis

Schuldt contends the State failed to offer substantial evidence to prove his guilt beyond a reasonable doubt for intimidation with a dangerous weapon with intent and going armed with intent. He focuses on the specific-intent elements of each offense.[3] Because his attorney did not specifically contest those specific-intent elements in moving for judgment of acquittal, Schuldt frames his appellate claim as ineffective assistance of trial counsel.[4] To support his claim of ineffective assistance, Schuldt must show counsel failed to perform an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Kuhse*, 937 N.W.2d at 628. Schuldt bears the burden of proving both elements by a preponderance of the evidence. *See State v. Halverson,* 857 N.W.2d 632, 635 (Iowa 2015).

---

[3] The State concedes both crimes include an element of specific intent.

[4] After the State's case in chief, defense counsel made a generic motion for judgment of acquittal, arguing "there's not been substantial evidence in which to take this case to the jury." That motion did not preserve error because it did not identify the specific elements of the crime lacking support in the record. *See State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005) (citing *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996)).

In analyzing his contention, we start with the marshalling instructions for those offenses. To convict Schuldt of intimidation with a dangerous weapon with intent, the State had to prove these three elements:

> 1. . . . [T]he defendant shot, launched, and/or discharged a .40 caliber semi-automatic pistol into or at Michelle's Lounge . . .;
> 2. The defendant intended to injure, provoke fear, or anger another; and
> 3. The occupants of Michelle's Lounge actually experienced fear of serious injury and the fear was reasonable under the existing circumstances.

To convict Schudlt of going armed with intent, the State had to prove these four elements:

> 1. . . . [T]he defendant went armed with a dangerous weapon;
> 2. A .40 caliber semi-automatic pistol is a dangerous weapon;
> 3. The defendant had the intent to use said dangerous weapon without justification against another; and
> 4. While armed with the dangerous weapon, the Defendant moved from one place to another.

On appeal, Schuldt contests the second element of intimidation and the third element of going armed. Both require proof of specific intent. The district court defined "specific intent" for the jury as "not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind." *See In re D.S.*, 856 N.W.2d 348, 352 (Iowa 2014) (explaining specific-intent crimes require proof of "a special mental element" above and beyond any mental state associated with the criminal act). The specific-intent instruction also advised:

> Because determining the defendant's specific intent requires you to decide what he was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of his acts.

Seeking to undo the jury verdicts, Schuldt questions the State's proof of his specific intent. He acknowledges the bartender's testimony that he was mad about being twice asked to leave Michelle's Lounge. He also admits firing shots as he rode away on his motorcycle. But his admissions stop there. He argues the State did not prove he intended "to injure, provoke fear, or anger another" or to use the pistol "against another" because the shots were not "concentrated on one spot as if he was directing his action against a specific person or persons." Trying to thread a needle, he professes his actions showed "an intent to express anger or displeasure" but did not go so far as to reveal an intent to injure, provoke fear, or to use the weapon against another person.

Defending the verdicts, the State contends that when viewed in the light most favorable to the prosecution, substantial evidence supports the specific-intent elements. *See State v. Slayton*, 417 N.W.2d 432, 435 (Iowa 1987) (noting the standard of review). As an example, the State points to Schuldt's aggressive conduct in trying to reenter the bar. Soon after customers shoved him out, he aimed his fire in the direction of the bar and those customers. In the State's estimation, his act of firing seven rounds signifies his intent to target Michelle's Lounge and its occupants. *See* Iowa Code § 708.6; *State v. Ross*, 845 N.W.2d 692, 700 (Iowa 2014) (holding act of intimidation with intent did not depend on number of individual victims in assembly).

What's more, the fact a bullet pierced the center of the door where the bartender had been standing supported the jury's inference that Schuldt harbored the intent to use the pistol against another person. *See* Iowa Code § 708.8; *Slayton*, 417 N.W.2d at 434 (defining "intent to use" element as intent to shoot

another person when a firearm is involved); *see also State v. Buchanan*, 207 N.W.2d 784, 786 (Iowa 1973) (interpreting predecessor statute as not requiring "intent to shoot some particular person or class of persons").

We believe the State has the more persuasive position. The prosecution presented ample evidence from which the jurors could infer that Schuldt fired seven rounds from his pistol with the specific intent to injure, provoke fear, or anger the people inside Michelle's Lounge. Likewise, strong evidence bolstered the inference that Schuldt had the specific intent to use the pistol without justification against the bartender or other customers. If trial counsel had moved for judgment of acquittal arguing the State failed to prove these elements, the motion would have been meritless. Counsel has no duty to make a meritless motion. *Ross*, 845 N.W.2d at 701. Schuldt thus fails to prove his counsel was ineffective.

**AFFIRMED.**