# IN THE COURT OF APPEALS OF IOWA

No. 22-1792
Filed September 27, 2023

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ROBERT DANIEL BUEL,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Woodbury County, James N. Daane, Judge.

     Robert Daniel Buel appeals his conviction for going armed with intent. **AFFIRMED.**

     Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

     Brenna Bird, Attorney General, and Thomas Bakke and Bridget A. Chambers, Assistant Attorneys General, for appellee.

     Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**BOWER, Chief Judge.**

On August 22, 2021, at about 9:30 a.m., Robert Daniel Buel called 911 to report he had just killed his housemate, Jason Lafferty. When police officers arrived, they found Lafferty's body on the floor in a corridor off the garage. A shotgun was found near the body. A handgun was found on the stairs leading up to the house, and three spent casings for the handgun were recovered. Buel admitted he had shot Lafferty but did so in self-defense. Buel went to the police station to give his account of the events leading to the shooting.

Buel told Officer Ryan Denney, the interviewer, that Lafferty and his wife had been living in Buel's home for about three years and Lafferty had never paid rent. Lafferty had been very destructive in the house and espoused fantastical stories in explanation.[1] Buel relayed that Lafferty had become increasingly crazy and threatening to Buel and violent to Lafferty's wife—Buel knew something was going to come to a head.

Buel said they had all had some beers and methamphetamine the night before and Lafferty came into his bedroom several times throughout the night, threatened him with a machete, said he had a .40 caliber weapon, and repeatedly thumped Buel in the head while haranguing him. In the morning, Buel heard Lafferty banging and grinding something in the garage and wondered what further destruction was happening. Buel took a loaded shotgun and a handgun down to the garage to investigate. When asked why he armed himself, Buel said Lafferty

---

[1] For example, Buel said Lafferty believed he had been almost killed in the house a couple times and dug up the concrete floor on the lower level believing there was a human body buried there.

"gets so mad so fast, I needed protection." Buel thought shotguns "are more intimidating." The two had an argument, and Buel pointed the shotgun at Lafferty. Buel said Lafferty goaded him to shoot him, at which point Buel said it wasn't worth going to prison and put the shotgun on the floor. They continued to argue and Lafferty picked up the shotgun, ejecting all the shells. Buel said Lafferty was in the process of reloading the shotgun, said "This gun is mine now," and pointed the gun at Buel. Buel said it was "an intense moment of me getting killed." Buel pulled a .45 caliber handgun from his vest pocket and shot Lafferty three times.

Buel told Officer Denney he bought the shotgun about a month prior. He purchased the handgun the day before about 11:00 a.m. When asked why he had taken two guns with him when he went to investigate the banging, Buel admitted he was "pissed off" at the pounding, destruction, and disrespect, but he didn't know why he had done it—"it wasn't a good idea," but Buel didn't know if "he had a .40 or not." Buel said Lafferty didn't know about his handgun. He denied setting up a situation where he would be justified in shooting Lafferty.

Buel was charged with second-degree murder and going armed with intent. He asserted the shooting was in self-defense, i.e., that he was justified. A jury found him guilty on both counts; Buel appeals only the conviction for going armed with intent.

The jury was instructed the State was required to show all of the following beyond a reasonable doubt to prove going armed with intent:

> 1. On or about the 22nd day of August 2021, in Woodbury County, Iowa, [Buel] was armed with a shotgun and/or a handgun.
> 2. The shotgun and/or the handgun were dangerous weapons, as defined in Instruction No. 20.

3. [Buel] was armed with the specific intent to use the shotgun and/or the handgun against another person.

4. While armed with the shotgun and/or the handgun [Buel] moved from one place to another.

5. At that time, the defendant was not acting with justification.

Buel challenges the sufficiency of the evidence to support the third and fifth elements, asserting he did not have the specific intent to use either weapon against Lafferty without justification.

"We review the sufficiency of the evidence for correction of errors at law." *State v. Ernst*, 954 N.W.2d 50, 54 (Iowa 2021) (citation omitted).

[W]e consider whether the finding of guilt is supported by substantial evidence in the record. Substantial evidence means a person may not be convicted based upon mere suspicion or conjecture. Substantial evidence exists when the evidence would convince a rational fact finder the defendant is guilty beyond a reasonable doubt.

*Id.* (internal quotation marks and citations omitted).

When supported by substantial evidence, the jury's verdict "binds this court." *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). "Evidence is not insubstantial merely because we may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." *Id.* (citation omitted).

Buel argues he carried the weapons with him merely to intimidate Lafferty. Citing *State v. Slayton*, 417 N.W.2d 432 (Iowa 1987), Buel asserts his intent to use is not satisfied by a mere showing of intent to intimidate.

In *Slayton*, the court opined:

Going armed with intent under Iowa Code section 708.8 is a class "D" felony. Therefore, we could reasonably expect that the legislature intended to require a greater quantity or degree of misconduct for a conviction under this crime than would be involved in related crimes classified as misdemeanors. Intentionally pointing

a firearm toward another or displaying any dangerous weapon in a threatening manner toward another is an assault. Iowa Code § 708.1(3). Absent additional proof, this assault is punishable as a simple misdemeanor. Iowa Code § 708.2(3). This same act of assault, committed without an intent to inflict a serious injury but which causes a bodily injury or disturbing mental illness, is a serious misdemeanor. Iowa Code § 708.2(2). Again the same act of assault, punishable as a simple misdemeanor, committed with intent to inflict a serious injury on another rises to an aggravated misdemeanor. Iowa Code § 708.2(1).

417 N.W.2d at 434. The court determined, "We agree with defendant's contention that the 'intent to use' element requires proof of an intent to shoot another person when a firearm is involved." *Id.*

But the court went on to determine the evidence *was* sufficient to uphold Slayton's conviction:

> An affidavit made by defendant's mother shortly after the incident was introduced into evidence at trial. In that affidavit she states that the defendant came into their bedroom, turned on the light and pointed a shotgun at them. She further states that she tried pushing the shotgun out of her face and then ran outside. Defendant then came after her and put a shell in the gun. In response to defendant's actions, Mrs. Slayton states that her husband thought defendant was going to shoot her and so he struck defendant in the head with a club. The defendant testified that he took the gun to his parents' bedroom for self-defense or to deter his father from acting. Defendant also admits he took a shotgun shell with him. A reasonable jury could infer from this evidence that defendant intended to use the shotgun against his parents by shooting them.

*Id.* at 435.

Here, "we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Jones*, 967 N.W.2d at 339 (citation omitted). The evidence shows Buel and Lafferty were having an argument on August 22. Buel was upset because Lafferty was damaging his house and was

disrespectful.  Buel had recently bought a shotgun and a handgun to prepare for a violent confrontation with Lafferty, and Buel took the loaded handgun and shotgun to the basement to confront him.

During a recorded visit with his sister while Buel was in jail on November 9, Buel said Lafferty thought he was entitled to stuff but he wasn't entitled to anything "except a bullet."  When his sister said Buel was just defending himself, Buel said "I put myself in that position.  When I couldn't deal with his bullshit no longer, I took two guns down there and I fucking shot him."  The jury could reasonably infer from Buel's actions and statements that he "was armed with the specific intent to use the shotgun and/or the handgun against another person."

As for whether Buel was justified in do so, he does not challenge the jury instruction on justification.[2]  After pointing the shotgun at Lafferty, Buel first decided

---

[2] The instruction provided:

If any of the following is true, the defendant's use of force was not justified:

1. The defendant did not have a reasonable belief that it was necessary to use force to prevent an injury or loss.

2. The defendant used unreasonable force under the circumstances.

3. The defendant initially provoked the use of force against himself, intending to use the provocation as an excuse to injure Jason Lafferty.

4. The defendant initially provoked the use of force against himself by his unlawful acts unless:

a. Jason Lafferty used force grossly disproportionate to the defendant's provocation and it was so great the defendant reasonably believed that he was in imminent danger of death or serious injury.

b. The defendant withdrew from physical contact with Jason Lafferty and clearly indicated to Jason Lafferty that he desired to terminate the conflict but Jason Lafferty continued or resumed the use of force.

not to use the weapon.  But then Lafferty picked up the shotgun and pointed it and told Buel the shotgun was now his.  Buel responded by taking out his handgun, which Lafferty did not know he had, and shooting Lafferty in the head and chest, killing him.  Because there is substantial evidence to support the jury's conclusion the shooting was not justified, we affirm.

**AFFIRMED.**

---

5. The defendant was engaged in an illegal activity in the place where he used force.  The illegal activity engaged in by the defendant or the person the defendant helped is either:
a. Going Armed with Intent as defined in [another instruction].
b. Assault on Jason Lafferty as defined in [another instruction].