**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-10010

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BULMARO RAYO-VALDEZ, aka Bulmaro Valdez Rayo,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
August 12, 2002

Before JOLLY, DUHÉ and DENNIS, Circuit Judges.

DUHÉ, Circuit Judge:

This is an appeal from a final judgment of conviction for illegal re-entry into the United States after deportation. Because we hold that sexual abuse of a minor is a crime of violence under U.S.S.G. § 2L1.2, and a prior aggravated felony is not an element of the crime of illegal re-entry under 8 U.S.C. § 1326, we AFFIRM the judgment of the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant Bulmaro Rayo-Valdez ("Rayo-Valdez") was removed from

the United States in 1999. He unlawfully re-entered this country, and was found in April 2001. Rayo-Valdez was indicted on a charge of illegally re-entering the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He pled guilty.

The presentence report ("PSR") detailed Rayo-Valdez's prior crimes. In April 1991, he pled guilty to several counts of aggravated sexual assault of a child under 14 years old. The crimes occurred on three different occasions in 1989 and 1990. Rayo-Valdez twice digitally penetrated the female sexual organ of a child, and once penetrated the anus of a child. Although the PSR does not specify the statute on which Rayo-Valdez's conviction for these crimes rested, it appears to have been Section 22.021 of the Texas Penal Code. That law authorizes a conviction for "Aggravated Sexual Assault" against one who "(B) intentionally or knowingly... (i) causes the penetration of the anus or female sexual organ of a child by any means... and... (2)... (B) the victim is younger than 14 years of age...."[1]

Before sentencing, Rayo-Valdez objected to the categorization of his prior conviction as a "crime of violence", which resulted in a recommended sentence enhancement. At the sentencing hearing, the district court heard argument and overruled the objections. Rayo-Valdez was sentenced to 84 months in prison, a three-year term of supervised release, and a $100 special assessment. He timely

---

[1] The pertinent portions of this law have remained unchanged since Rayo-Valdez's convictions.

appealed.

DISCUSSION

*Sentencing Guidelines*

Rayo-Valdez claims that the district court erred in enhancing his sentence for prior conviction for a "crime of violence", arguing that his conviction for sexual assault of a young child is not a "crime of violence" under the recently amended U.S.S.G. § 2L1.2. This is an issue of first impression. We review the application of the Sentencing Guidelines *de novo*. <u>United States v. Goynes</u>, 175 F.3d 350, 353 (5th Cir. 1999).

The district court enhanced Rayo-Valdez's offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The applicable version of that guideline provides:

> If the defendant previously was deported, or unlawfully remained in the United States after, -
>
> (A) *** (ii) a crime of violence; *** increase [the offense level] by 16 levels[.]

The commentary provides a two-pronged definition of "crime of violence":

> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and
>
> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

<u>Id.</u>, comment, application note 1(B)(ii).

3

Rayo-Valdez argues that because the "use, attempted use, or threatened use of physical force against the person of another" is not a necessary element of his sexual abuse of a minor offense under Texas Penal Code § 22.021, his sentence cannot be enhanced under U.S.S.G. § 2L1.2.

We disagree. The language of § 2L1.2 says that "crime of violence" means that which is in subparagraph I, and includes that which is in subparagraph II. Sexual abuse of a minor – forcible or not – constitutes a crime of violence.[2] So do all the other offenses listed in subparagraph II, regardless of their elements under various state laws.

Because such interpretation of U.S.S.G. § 2L1.2 is an issue of first impression, to reach this conclusion we consider it by way of analogy to similar language in other contexts.

*(1) U.S.S.G. § 4B1.2*

In United States v. DeLuca, 17 F.3d 6 (1st Cir. 1994), the First Circuit construed U.S.S.G. § 4B1.2, which defines "crime of

---

[2] This conclusion makes sense in light of the Sentencing Commission ("Commission") calling the recent amendment a "minor change[]... to provide definitions...." U.S.S.G., Manual, App. C Supp., Amendment 632. Before amendment, § 2L1.2(b)(1)(A) provided sentence enhancement for a prior "aggravated felony". U.S.S.G., Manual (2000 ed.) "Aggravated felony" was defined at 8 U.S.C. § 1101(a)(43)(A) to include "sexual abuse of a minor". The Commission's inclusion of sexual abuse of a minor as a "crime of violence" in the 2001 amendment brings the definition into the guideline, instead of cross-referencing the United States Code.

4

violence" for purposes of applying a career-offender enhancement.[3] The DeLuca court held the express listing of extortion was a "formidable obstacle" to an argument that it should not be considered a "crime of violence", even if the particular extortion statute does not require use of force. Id. at 8. The First Circuit held that "the wording of the guideline tells us unequivocally that the Sentencing Commission believed that extortion, *by its nature*, should be classified as a crime of violence. A defendant who seeks to exclude a specifically enumerated offense from the sweep of section 4B1.2 must shoulder a heavy burden of persuasion." Id.; see

---

[3] The U.S.S.G. § 4B1.2 definition of "crime of violence" is:

> any offense under federal or state law punishable by imprisonment for a term exceeding one year that –
>   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>   (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Application note 1 reads in pertinent part:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted..., by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) and comment, application note 1.

also United States v. Shane Clements, 144 F.3d 981, 983 (6th Cir. 1998) (comparable analysis of extortion offense as "crime of violence" under § 4B1.2).

This court has held similarly. In United States v. Hornsby, 88 F.3d 336 (5th Cir. 1996), we held burglary of a habitation is a "crime of violence" under § 4B1.2 because "burglary of a dwelling" is listed therein. Id. at 339. The panel did not consider whether the particular crime involved any use of threat or force. Id. In an earlier case, this court was explicit that no such inquiry is necessary when the prior offense is specifically listed in the guideline. United States v. Guerra, 962 F.2d 484, 485-86 n.4 (5th Cir. 1992).

These are not isolated holdings. See also United States v. Fry, 51 F.3d 543, 546 (5th Cir. 1995) (holding manslaughter, because it was specifically listed in the commentary to § 4B1.2 as a "crime of violence," is such); United States v. Flores, 875 F.2d 1110, 1113 (5th Cir. 1989) (same, regarding burglary of dwelling); United States v. Coleman, 38 F.3d 856, 859 (7th Cir. 1994) (same, noting "clear language" of guideline and "conclusive[ness]" of meaning); United States v. McVicar, 907 F.2d 1, 1 (1st Cir. 1990) (Breyer, J.) (the "short, conclusive answer" negating claim that robbery was not a crime of violence is that the guideline lists it as one); United States v. Claiborne, 132 F.3d 253, 254-55 (5th Cir. 1998) (Louisiana crime of attempted unauthorized entry of an inhabited dwelling would be "crime of violence" under § 4B1.2 if it

6

were equivalent to "burglary of a dwelling", because that is an "enumerated crime[] listed in" that guideline).

By comparison, the application note to § 2L1.2 means that the offenses listed in subparagraph II need not show actual, attempted, or threatened use of force, for the precise reason that they are explicitly listed. The Commission has predetermined that, regardless of their circumstances or the way they are defined by state laws, the listed offenses are inherently violent and forceful, or inherently risk violence and use of force. Thus, their enumeration in the commentary ensures that they are treated as "crimes of violence". As the Seventh Circuit stated in United States v. Rutherford, 54 F.3d 370, 378 (7th Cir. 1995), "the Commission has dispensed with the need for judicial classification" of offenses such as burglary, arson, and extortion, because it has already decided that they entail a high enough degree of risk to classify them in advance as violent.[4] In other words, it has "determined that certain crimes – regardless of the precise conduct – are inherently violent. Thus, for purposes of determining career offender status under the Guidelines, there is no such thing as a non-violent kidnapping or a non-violent burglary of a dwelling." United States v. Telesco, 962 F.2d 165, 166 (2d Cir. 1992) (construing § 4B1.2). Likewise, for purposes of determining "crime of violence" under § 2L1.2, there is no such thing as non-violent

---

[4] The Seventh Circuit was interpreting U.S.S.G. § 4B1.2.

7

sexual abuse of a minor.

It is of no consequence that the structure and syntax of the definitions of "crime of violence" in § 2L1.2 and § 4B1.2 differ slightly. While the § 2L1.2 definition has eliminated the possibility that a non-enumerated crime risking use of physical force could qualify as a "crime of violence", that is not relevant here, and in all other substantive respects the two definitions are substantially the same and should be consistently construed.[5]

*(2) Outside the Guidelines*

The Supreme Court engaged in similar analysis in a non-guidelines context. In Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), the Court interpreted "violent felony" as defined in 18 U.S.C. § 924(e):

> [A]ny crime punishable by imprisonment for a term exceeding one year... that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Court was called upon to decide how to determine whether an offense is a "burglary" within the meaning of § 924(e). In doing

---

[5] Further, the commentary to both § 2L1.2 and § 4B1.2 is binding, and equivalent in force to the guideline language itself, as long as the language and the commentary are not inconsistent. Stinson v. United States, 508 U.S. 36, 42-3, 113 S. Ct. 1913, 1917-18, 123 L. Ed. 2d 598 (1993).

so, it rejected an argument similar to Rayo-Valdez's:

> Petitioner essentially asserts that Congress meant to include as predicate offenses only a subclass of burglaries whose elements include 'conduct that presents a serious risk of physical injury to another,' over and above the risk inherent in ordinary burglaries. But if this were Congress' intent, there would have been no reason to add the word 'burglary' to § 924(e)(2)(B)(ii), since that provision already includes *any* crime that 'involves conduct that presents a serious potential risk of physical injury to another.' We must assume that Congress had a purpose in adding the word 'burglary' to [the bill] before enacting it into law. The most likely explanation, in view of the legislative history, is that Congress thought that certain general categories of property crimes – namely, burglary, arson, extortion, and the use of explosives – so often presented a risk of injury to persons... that they should be included in the enhancement statute even though, considered solely in terms of their statutory elements, they do not necessarily involve the use or threat of force against a person.

Taylor, 495 U.S. at 597, 110 S. Ct. At 2157.

This analysis reflects the principle that when interpreting a statute, it is necessary to give meaning to all its words and to render none superfluous.   See TRW, Inc. v. Andrews, 534 U.S. 19, ___, 122 S. Ct. 441, 449, 151 L. Ed. 2d 339 (2001); see also United States v. Vickers, 891 F.2d 86, 88 (5th Cir. 1989) (guidelines subject to rules of statutory construction and interpretation). Were we to accept Rayo-Valdez's claim that the list of offenses in subparagraph II of the application note to U.S.S.G. § 2L1.2 is meant only as a subset of the category described in subparagraph I, then subparagraph II becomes virtually surplusage. This cannot be right.

Instead, as the Court did in Taylor, we read subparagraph II as providing a list of offenses that the Commission believed "so often presented a risk of injury to persons... that they should be included in the enhancement statute even though, considered solely in terms of their statutory elements, they do not necessarily involve the use or threat of force against a person." Taylor, 495 U.S. at 597.

*(3) Sexual Abuse of a Minor as Inherently Forceful*

This court and others have held that sexual offenses by adults against children carry the inherent risk of force upon or injury to the child. In United States v. Velazquez-Overa, 100 F.3d 418 (5th Cir. 1996), a panel of this court considered an earlier version of U.S.S.G. § 2L1.2. That version referred to the definition of "crime of violence" in 18 U.S.C. § 16, which includes a provision describing crimes involving a substantial risk that force will be used, similar to U.S.S.G. § 4B1.2. Id. at 420.

The heart of the discussion in Velazquez-Overa was whether the Texas crime of indecency with a child under 17 involving sexual contact is a crime of violence, on account of the inherent risk of use of force. Id. at 421. This court held that it is:

> [S]uch crimes typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures. A child has very few, if any, resources to deter the use of physical force by an adult intent on touching the child. In such circumstances, there is a significant likelihood that

10

physical force may be used to perpetrate the crime. Id. at 422; see also United States v. Kirk, 111 F.3d 390, 394-96 (5th Cir. 1997) (construing sexual indecency with a child as a "crime of violence" under U.S.S.G. § 4B1.2); United States v. Pierce, 278 F.3d 282, 290 (4th Cir. 2002) (construing indecent liberties with a child as a "crime of violence" under § 4B1.2); United States v. Coronado-Cervantes, 154 F.3d 1242, 1243-45 (10th Cir. 1998) (construing sexual contact with a minor as a "crime of violence" under § 4B1.2).

The question addressed in Velazquez-Overa is not the precise question presented in this case, because risk of force or injury is no longer part of the § 2L1.2 definition of "crime of violence". Nevertheless, Velazquez-Overa is instructive because it shows our court's reasons for concluding that sexual abuse of a minor is inherently violent. Those reasons are consistent with the Commission's decision to list sexual abuse of a minor as a "crime of violence", regardless of its specific elements. See also U.S.S.G. § 2A3.1 comment, background ("sexual offenses addressed in this section [including 18 U.S.C. §§ 2241 and 2242, which can be violated by abusing children under 16 even without use of force] are crimes of violence").

*(4)  Language of U.S.S.G. § 2L1.2*

Rayo-Valdez argues that the adjective "forcible" in subparagraph II of U.S.S.G. § 2L1.2 modifies not only "sex

11

offenses" but also "sexual abuse of a minor".[6] This contention does not square with common English grammar, nor with the principle of statutory construction already observed. If a particular occasion of sexual abuse of a minor must be forcible to come within the guideline, then it would already be described by the term "forcible sex offenses" and the parenthetical "including sexual abuse of a minor" would be redundant. A guideline should not be interpreted to render any part of it superfluous. See TRW Inc., supra; Vickers, supra.

The more reasonable and grammatically sensible meaning of the phrase "forcible sex offenses (including sexual abuse of a minor)" is that sexual abuse of a minor is a "crime of violence", even if no element of physical force is necessary to prove it. This takes account of the inherent nature of the offense, as discussed above, and squares with the proper interpretation of the entire note.

*Sufficiency of the Indictment*

We review *de novo* a challenge to the sufficiency of the indictment. United States v. Davis, 226 F.3d 346, 353 (5th Cir. 2000).

Rayo-Valdez contends that a prior aggravated felony should be considered an essential element of the crime of illegal re-entry under 8 U.S.C. § 1326, and therefore his indictment is

---

[6] Subparagraph II, in relevant part, reads "includes... forcible sex offenses (including sexual abuse of a minor)...."

12

insufficient. However, he concedes in his brief that the Supreme Court has already decided that point against him. Almendarez-Torres v. United States, 523 U.S. 224, 229, 118 S. Ct. 1219, 1223, 140 L. Ed. 2d 350 (1998). We must follow that precedent, which has not been overruled by the only court with the power to do so, the Supreme Court. Agostini v. Felton, 521 U.S. 203, 227, 117 S. Ct. 1997, 2012, 138 L. Ed. 2d 391 (1997).

CONCLUSION

Because we hold that sexual abuse of a minor is a "crime of violence" under U.S.S.G. § 2L1.2, and Rayo-Valdez's insufficient indictment argument is precluded by Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), we AFFIRM.