IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21169
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR ALEXANDER HERRERA-VILLATORO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-886-ALL
--------------------
September 12, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edgar Alexander Herrera-Villatoro appeals from his guilty-plea conviction for illegally reentering the United States after being convicted of an aggravated felony and deported. He contends that his offense level under the sentencing guidelines should not have been increased by 16 levels for a prior aggravated felony.

Herrera argues that his prior Texas felony conviction for indecency with a child was not a "crime of violence" warranting

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the 16-level increase. The guidelines provide for a 16-level increase when the defendant has a prior felony conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2001). A crime of violence is defined to include "sexual abuse of a minor." Id. comment. (n. (1)(B)(ii)(II)). The Texas crime of indecency with a child, see TEX. PENAL CODE § 21.11, constitutes "sexual abuse of a minor." United States v. Zavala-Sustaita, 214 F.3d 601, 607 (5th Cir. 2000), cert. denied, 531 U.S. 982 (2000); see also United States v. Rayo-Valdez, ___ F.3d ___, No. 02-10010 (5th Cir. Aug. 12, 2002), 2002 WL 1832140, *3 ("for purposes of determining 'crime of violence' under § 2L1.2, there is no such thing as non-violent sexual abuse of a minor"). Herrera's 16-level increase was warranted by his prior conviction for indecency with a child.

Herrera also contends that his prior conviction for transporting an illegal alien cannot support the 16-level increase because, at the time of his conviction, the elements of that offense did not include committing the act for profit as required by the guidelines. See U.S.S.G. § 2L1.2(b)(1)(A)(vii). He also argues that transporting an alien within the United States is not an alien "smuggling" offense. We need not address these arguments because the 16-level increase was justified by Herrera's prior felony conviction for indecency with a child.

The conviction and sentence are AFFIRMED.