IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-50233
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO RIVERA-CASTRO, a/k/a Rigoberto Castro-Garcia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:01-CR-1380-ALL
_____

October 8, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Rivera-Castro appeals his sentence imposed following his guilty plea conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. Rivera argues that the district court erred in sentencing him based on § 1326(b)(2), which provides that an illegal alien who was removed from this country subsequent to a conviction for an aggravated felony shall be sentenced to not more than twenty years, because his prior

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction was neither charged in his indictment nor presented to the jury to be proven beyond a reasonable doubt. Although he concedes that *Almendarez-Torres v. United States*[1] held that a prior aggravated felony is a sentencing factor, not an element of the crime, he urges that *Jones v. United States*[2] and *Apprendi v. New Jersey*[3] overruled *Almendarez-Torres*. However, we have noted on numerous occasions that the Supreme Court has not overruled *Almendarez-Torres*, and that therefore we are still bound to apply it.[4]

Appellant's sentence is therefore AFFIRMED.

---

[1] 523 U.S. 224 (1998).

[2] 526 U.S. 227 (1999).

[3] 530 U.S. 466 (2000).

[4] *See, e.g.*, *United States v. Rayo-Valdez*, – F.3d –, 2002 WL 1832140 (5th Cir. Aug. 12, 2002) ("We must follow [*Almendarez-Torres*], which has not been overruled by the only court with the power to do so, the Supreme Court."); *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 434 (5th Cir. 2001) ("Although [Appellant] is correct that Apprendi cast doubt on the continued validity of *Almendarez-Torres*, it did not overrule that decision.... It is for this court to apply the law as it exists and for the Supreme Court to overrule its precedent if it so chooses.").