IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51273
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDUARDO GOMEZ-VAZQUEZ, also known as Eduardo
Gomez-Vasquez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CR-142-ALL-JN
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Eduardo Gomez-Vazquez ("Gomez") appeals his guilty-plea
conviction and sentence for illegal reentry following deportation
after having been convicted of an aggravated felony, pursuant to
8 U.S.C. §§ 1326(a) and (b)(2).  Gomez argues that the district
court plainly erred in enhancing his offense level by 16 points
pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior Texas
conviction for sexual assault of a child did not involve the use
of force and was not a "crime of violence" under the guideline.
He contends for the first time on appeal that his guilty plea was

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not knowing and voluntary because he thought he had a plea agreement for a lower sentence. He also contends for the first time on appeal that his prior conviction was an element of the offense that had to be alleged in the indictment under Apprendi v. New Jersey, 530 U.S. 466 (2000). He has filed an unopposed motion for substitution of appointed counsel; that motion is GRANTED.

The district court did not err in enhancing Gomez's sentence. Sexual abuse of a minor is "inherently violent" and constitutes a "'crime of violence' even if no element of physical force is necessary to prove it." United States v. Rayo-Valdez, 302 F.3d 314, 319-20 (5th Cir. 2002).

Any error by the magistrate judge at rearraignment in not inquiring specifically as to the existence of a plea agreement did not affect Gomez's substantial rights, in light of the record as a whole, which shows that there was no plea agreement. See United States v. Vonn, 122 S. Ct. 1043, 1046 (2002).

Gomez concedes that his indictment-sufficiency issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998); he seeks to preserve the issue for Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231

F.3d at 984 (internal quotation and citation omitted).  This issue is foreclosed.

MOTION GRANTED; AFFIRMED.