IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50361
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN PABLO AMBROSIO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CR-2-1-H
--------------------
November 14, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Pablo Ambrosio appeals the sentence he received after he pleaded guilty to being illegally in the United States after having been deported, in violation of 8 U.S.C. § 1326. Ambrosio argues that the district court erred when it enhanced his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a prior felony conviction for intoxication manslaughter because intoxication manslaughter, as it is set forth in the Texas Penal Code, is not a "crime of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violence" under the guideline. In <u>United States v. Rayo-Valdez</u>, 302 F.3d 314, 316 (5th Cir. 2002), this court held that the offenses listed in the guideline are eligible as enhancement offenses without regard to elements under various state laws. Manslaughter is a listed offense. Ambrosio's argument that his offense is not a listed offense because it was intoxication manslaughter fails. <u>United States v. Fry</u>, 51 F.3d 543, 547 (5th Cir. 1995).

Ambrosio's argument that a prior aggravated felony should be considered an essential element of the crime of illegal reentry under 8 U.S.C. § 1326 also fails because the Supreme Court has rejected this argument, and this court is bound by that precedent. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998); <u>Rayo-Valdez</u>, 302 F. 3d at 320.

AFFIRMED.