**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-51284**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JESUS TORRES-VILLALOBOS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(EP-01-CR-799-ALL-EP)**

_____

December 3, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jesus Torres-Villalobos appeals the sentence imposed following his guilty plea to a charge of illegal reentry to the United States after deportation. Torres-Villalobos claims the district court erred in concluding that his manslaughter conviction was an "aggravated felony" and, therefore, imposed a 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1) (2000). In support, he contends: the elements of the manslaughter offense do not include

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the use of force against person or property, therefore the offense is not a crime of violence under 18 U.S.C. § 16(a); and the offense is not a crime of violence under 18 U.S.C. § 16(b), because manslaughter does not carry a substantial risk that force will intentionally be used. He relies on *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001).

We review the application of the Sentencing Guidelines *de novo*. *E.g., United States v. Rayo-Valdez*, 302 F.3d 314, 315 (5th Cir. 2002). A 16-level increase to the base offense level is applied if the defendant was deported after a conviction for an "aggravated felony". U.S.S.G. § 2L1.2(b)(1)(A) (2000). An "aggravated felony" is a "crime of violence" as defined in 18 U.S.C. § 16 (except for a purely political offense), for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). A "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense". 18 U.S.C. § 16.

In determining whether a conviction is a crime of violence, we do not consider the particular facts of the prior offense. *Chapa-Garza*, 243 F.3d at 924. Torres-Villalobos was convicted on his guilty plea to a charge of second degree manslaughter in Minnesota.

2

The underlying state statute provides, in pertinent part, that a person is guilty of second degree manslaughter if he causes the death of another by his "culpable negligence whereby [he] creates an unreasonable risk, and consciously takes chances of causing death or great bodily harm to another". MINN. STAT. ANN. § 609.205(1) (West 2000).

The manslaughter offense to which Torres-Villalobos admitted is a crime of violence under 18 U.S.C. § 16(b) because it is an offense "in which the defendant is likely to use force intentionally against another person". *United States v. Trejo-Galvan*, 2002 WL 1980403 (5th Cir. 2002).

**AFFIRMED**