United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-10565
Conference Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN MANUEL MOLINA-RODRIGUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-371-ALL-H
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

      Juan Manuel Molina-Rodriguez appeals the sentence imposed
following his guilty-plea conviction of being found in the United
States after deportation in violation of 8 U.S.C. § 1326.  He
argues that his prior Texas felony conviction for indecency with
a child was not a "crime of violence" warranting the 16-level
increase under United States Sentencing Guidelines § 2L1.2 and
that the "aggravated felony" provision of 8 U.S.C. § 1326(b)(2)
is unconstitutional.  He states that the former issue is raised

---

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for the purpose of seeking *en banc* review and that both issues are raised on appeal to preserve Supreme Court review.

The Sentencing Guidelines provide for a 16-level increase when the defendant has a prior felony conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2002). A crime of violence is defined to include "sexual abuse of a minor." Id. at comment. n.1(B)(ii)(II). The Texas crime of indecency with a child, see TEX. PENAL CODE § 21.11, constitutes "sexual abuse of a minor." United States v. Zavala-Sustaita, 214 F.3d 601, 607 (5th Cir. 2000); United States v. Rayo-Valdez, 302 F.3d 314, 316 (5th Cir. 2002). Molina's 16-level increase was warranted by his prior conviction for indecency with a child.

A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting *en banc* or by the United States Supreme Court. Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). No decision overruling Rayo-Valdez exists, and, to the extent Molina is requesting initial *en banc* review of this issue, his request is DENIED. See FED. R. APP. P. 35(c); 5th Cir. R. 35.2; Point Landing, Inc. v. Omni Capital Int'l, Ltd., 795 F.2d 415, 419 (5th Cir. 1987) (*en banc*).

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing

provisions do not violate the Due Process Clause.  Id. at 239-47.
Molina acknowledges that his argument is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but
asserts that Supreme Court cases decided after Almendarez-Torres,
including Jones v. United States, 526 U.S. 227 (1999), Castillo
v. United States, 530 U.S. 120 (2000), Apprendi v. New Jersey,
530 U.S. 466 (2000), Harris v. United States, 536 U.S. 545
(2002), and Ring v. Arizona, 536 U.S. 584 (2002), raise a
question about the validity of Almendarez-Torres.

This court must follow Almendarez-Torres "unless and until
the Supreme Court itself determines to overrule it."  United
States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  The
judgment of the district court is AFFIRMED.  The Government's
motion seeking summary affirmance, dismissal of the appeal, or an
extension of time to file a brief on the merits is DENIED.