United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41526
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

PAULINO BAUTISTA-SANCHEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:02-CR-28-ALL
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

     Paulino Bautista-Sanchez (Bautista) appeals the sentence imposed following his guilty-plea conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. He argues that his Texas felony conviction for indecency with a child was not a "crime of violence" warranting the 16-level increase under United States Sentencing Guidelines § 2L1.2. The Sentencing Guidelines provide for a 16-level increase when the defendant has a prior felony conviction for a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2002). A crime of violence is defined to include "sexual abuse of a minor." Id. at comment. n.1(B)(ii)(II). The Texas crime of indecency with a child constitutes "sexual abuse of a minor." United States v. Zavala-Sustaita, 214 F.3d 601, 607 (5th Cir. 2000); United States v. Rayo-Valdez, 302 F.3d 314, 316 (5th Cir.), cert. denied, 537 U.S. 1095 (2002). Bautista's 16-level increase was warranted by his prior conviction for indecency with a child.

Bautista also contends that the district court erred at sentencing by assigning him criminal history points for his prior driving while intoxicated (DWI) conviction. Bautista contests his signed waiver of counsel and contends that his DWI conviction was uncounseled and, thus, in violation of the Sixth Amendment. After reviewing the briefs, the record, and applicable authorities, we hold that there is no constitutional violation because Bautista validly waived his right to counsel in connection with his 2002 DWI conviction proceedings. See Scott v. Illinois, 440 U.S. 367, 373-74 (1979). The district court did not err in assessing criminal history points for Bautista's prior uncounseled misdemeanor DWI conviction.

Bautista further asserts that the "aggravated felony" provision of 8 U.S.C. § 1326(b)(2) is unconstitutional. As Bautista concedes, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but

he seeks to preserve the issue for possible Supreme Court review in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Accordingly, the district court's judgment of conviction and sentence is AFFIRMED.