United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41163
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUGUSTIN FUENTES-BERLANGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas -
McAllen Division
Criminal No. M-03-630-ALL

_____

Before DAVIS, JONES, and GARZA, Circuit Judges.

PER CURIAM:[*]

Augustin Fuentes-Berlanga appeals his fifty-seven-month sentence imposed following his guilty-plea conviction for attempted illegal reentry by a previously-deported alien in violation of 8 U.S.C. § 1326. Citing <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), he argues for the first time on appeal that the district court erred in sentencing him under a mandatory guideline scheme. Fuentes-Berlanga further argues that the district court misapplied

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Sentencing Guidelines by treating his prior conviction for aggravated assault in Texas as a "crime of violence" under U.S.S.G. § 2L.1.2(b)(1)(A)(ii). Finding no merit in these contentions, we affirm.

## I. BACKGROUND

On or about July 6, 2003, Fuentes-Berlanga, a citizen and national of Mexico and a non-citizen of the United States, presented an invalid resident alien card to authorities at the Hidalgo Port of Entry. Fuentes-Berlanga had been deported from the United States on December 17, 2002, and did not have the necessary consent to reapply for admission into the United States.

On September 2, 2003, Fuentes-Berlanga pleaded guilty to attempting to illegally reenter the United States in violation of 8 U.S.C. § 1326. In a Pre-sentence Report (PSR) completed on October 6, 2003, the Probation Office recommended a sixteen-level enhancement of Fuentes-Berlanga's base offense level of 8 after determining that Fuentes-Berlanga's prior conviction in Texas for aggravated assault with a motor vehicle constituted a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Fuentes-Berlanga, driving while intoxicated, had recklessly collided with and injured another driver. The probation office made the determination that the aggravated assault constituted a "crime of violence" because aggravated assault is an enumerated "crime of violence." U.S.S.G. § 2L1.2 comment. (n.1 (B)(ii)(II)) (2002). The district court

2

agreed with this assessment and found the sixteen-level enhancement appropriate. Finding a total offense level of 21, the court sentenced Fuentes-Berlanga to fifty-seven months in prison.

## II. DISCUSSION

### A. Booker Claims

As Fuentes-Berlanga did not raise his Booker argument in the district court, we review this issue for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517). Plain error occurs only where there is "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Cotton, 535 U.S. 625, 631 (2002).

The district court committed an error that was plain in sentencing Fuentes-Berlanga under a mandatory, rather than advisory, scheme. Mares, 402 F.3d at 521. However, Fuentes-Berlanga fails to meet his burden of showing that the district court's error affected his substantial rights. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005); Mares, 402 F.3d at 521. This court has rejected the argument that a Booker error is a structural error or that such error is presumed to be prejudicial. Mares, 402 F.3d at 520-22; see also United States v. Malveux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). Therefore, Fuentes-Berlanga must demonstrate that the "sentencing judge — sentencing

under an advisory scheme rather than a mandatory one — would have reached a significantly different result" in his favor. <u>Mares</u>, 402 F.3d at 521. There is no indication here that the district court would have sentenced Fuentes-Berlanga differently under the advisory Guidelines. Thus, Fuentes-Berlanga's sentence presents no reversible error under <u>Booker</u>.

## B.   "Crime of Violence"

The district court's characterization of Fuentes-Berlanga's prior conviction is a question of law that we review de novo. <u>United States v. Villegas</u>, 404 F.3d 355, 359 (5th Cir. 2005); <u>United States v. Vasquez-Balandran</u>, 76 F.3d 648, 649 (5th Cir. 1996). Appellant preserved this point of error by objection in the district court.

Because of the district court's determination that he had been convicted of a crime of violence prior to his 2002 deportation, Fuentes-Berlanga was subject to a sixteen-level increase in his base offense level and a longer period of incarceration under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The application note to U.S.S.G. § 2L1.2 used at the time of Fuentes-Berlanga's federal sentencing states that a crime of violence "includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 2L1.2 comment. (n.1 (B)(ii)(II)) (2002). In

4

Texas, where Fuentes-Berlanga was convicted of aggravated assault, the state penal code defines assault as an act where an individual "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(1). The aggravated assault indictment against Fuentes-Berlanga stated that his actions were reckless. At issue, then, is whether Fuentes-Berlanga's reckless aggravated assault in Texas constitutes "aggravated assault" under the Guidelines.

Fuentes-Berlanga cites Taylor v. United States, 495 U.S. 575 (1990), for the proposition that the relevant definition of "aggravated assault" in the Guidelines must be the "generic, contemporary meaning" of the offense. Id. at 595. Because Texas is among a minority of states that allows a mens rea of recklessness for aggravated assault, Fuentes-Berlanga contends that aggravated assault with a mens rea of recklessness cannot constitute aggravated assault for "crime of violence" purposes.

This court, however, need not conduct a Taylor inquiry into the "generic, contemporary definition" of enumerated offenses within the Guidelines. We have previously held that when dealing with an enumerated offense, the court need only utilize a "common sense" inquiry and ask whether the conviction at issue constitutes an enumerated offense as "that term is understood in its 'ordinary, contemporary, [and] common' meaning." United States v. Izaquirre-Flores, 405 F.3d 270, 275 (5th Cir. 2005) (quoting United States v.

5

<u>Zavala-Sustaita</u>, 214 F.3d 601, 604 (5th Cir. 2000)). This broader standard properly recognizes that the "Commission has predetermined that, regardless of . . . the way they are defined by state laws, the listed offenses are inherently violent and forceful. . . Thus, their enumeration in the commentary ensures that they are treated as 'crimes of violence.'" <u>United States v. Rayo-Valdez</u>, 302 F.3d 314, 317 (5th Cir. 2002); <u>see also</u> <u>United States v. McQuilkin</u>, 97 F.3d 723 (3d Cir. 1996) (holding that aggravated assault was a "crime of violence" without making a <u>Taylor</u> inquiry). The Texas Penal Code defines an aggravated assault as such a term is ordinarily, contemporarily, and commonly understood. Thus, Fuentes-Berlanga committed a "crime of violence" under the Guidelines and the sixteen-level increase to his base level offense was proper.

## CONCLUSION

Fuentes-Berlanga fails to demonstrate plain error under Booker, and his prior conviction is properly construed as a "crime of violence." Therefore, the sentence issued by the district court is **AFFIRMED.**