United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**December 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40274
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN MUNOZ-ALARCON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:04-CR-72-ALL
--------------------

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Juan Munoz-Alarcon ("Munoz") challenges his sentence
following a guilty plea to illegal reentry following deportation
in violation of 8 U.S.C. § 1326(b).  Munoz argues that the
district court plainly erred by enhancing his sentence pursuant
to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a Texas conviction for
aggravated assault.  Munoz contends that the enhancement is
improper because Texas law provides that a conviction for
aggravated assault may be based on conduct that is merely

----

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reckless.  As the United States Sentencing Commission has identified aggravated assault as a "crime of violence" for purposes of § 2L1.2(b)(1)(A), the district court did not commit error, plain or otherwise, by imposing the sentence enhancement. U.S.S.G. § 2L1.2., comment. (n.1(b)(iii)); see United States v. Izaguirre-Flores, 405 F.3d 270, 275 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005); see also United States v. Rayo-Valdez, 302 F.3d 314, 317 (5th Cir. 2002).

Munoz's contention that Apprendi v. New Jersey, 530 U.S. 466 (2000), should be interpreted to overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998), is foreclosed by existing circuit precedent; however, Munoz raises the issue to preserve it for Supreme Court review.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  We must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.