United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40653
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JOSE FELIX RUBIO-CRUZ,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2303-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jose Felix Rubio-Cruz appeals his conviction and sentence
for illegal reentry after a previous deportation.  Rubio-Cruz
argues that the district court plainly erred by enhancing his
sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a
Texas conviction for aggravated assault.  Rubio-Cruz contends
that the enhancement is improper because the Texas aggravated
assault statute may be violated by conduct such as recklessness.

----

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As the United States Sentencing Commission has identified aggravated assault as a "crime of violence" for purposes of § 2L1.2(b)(1)(A), the district court did not commit error, plain or otherwise, by imposing the sentence enhancement. § 2L1.2, comment. (n.1(b)(iii)); see United States v. Izaquirre-Flores, 405 F.3d 270, 275 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005); see also United States v. Rayo-Valdez, 302 F.3d 314, 317 (5th Cir. 2002).

Rubio-Cruz argues next that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Rubio-Cruz's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rubio-Cruz contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rubio-Cruz properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.