United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50524
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS NOE CASTILLO-SIERRA,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-887-ALL

--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Luis Noe Castillo-Sierra (Castillo) appeals his guilty-plea
conviction and sentence for illegal reentry into the United
States following deportation. Castillo argues that the district
court erred in enhancing his sentence under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii) based on a prior Texas robbery conviction.
Because Castillo did not raise this issue in the district court,
review is limited to plain error. United States v. Calverley,
37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Under § 2L1.2(b)(1)(A)(ii), a defendant's base offense level
is increased by 16 levels if he was previously deported after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

being convicted of a crime of violence. Robbery is an offense enumerated as a crime of violence in the application notes to § 2L1.2. § 2L1.2, comment. (n.1(B)(iii)). Castillo has not shown that the district court's increase in his offense level pursuant to § 2L1.2 based on his prior robbery conviction, a specifically enumerated offense under the commentary to § 2L1.2, was a "clear or obvious" error. See United States v. Rayo-Valdez, 302 F.3d 314, 317 (5th Cir. 2002).

Castillo argues that 8 U.S.C. § 1326(b) is unconstitutional. He acknowledges that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but raises the argument to preserve it for further review. We have "repeatedly rejected arguments like the one made by [Castillo] and . . . held that Almendarez-Torres remains binding despite Apprendi[ v. New Jersey, 530 U.S. 466 (2000).]" United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

AFFIRMED.