# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-30631
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALBINO BAUTISTA-GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CR-60052-1

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Albino Bautista-Garcia pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326(b)(2). Bautista-Garcia argues that the district court erred in imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Bautista-Garcia's prior Texas conviction for sexual assault of a minor and indecency with a child. This court reviews de novo a district court's interpretation or application of the sentencing guidelines; factual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings are reviewed for clear error. United States v. Griffith, 522 F.3d 607, 611 (5th Cir. 2008)

Section 2L1.2 of the Sentencing Guidelines provides for a 16-level increase in the defendant's base offense level if the defendant was previously deported after a conviction for a crime of violence (COV). § 2L1.2(b)(1)(A)(ii). For purposes of that section, COV is defined in the application notes and specifically includes "sexual abuse of a minor." § 2L1.2, application note 1 (B)(iii). Section 2L1.2 alternatively provides for an eight-level increase in the defendant's base level if the defendant was deported following a conviction for an aggravated felony. § 2L1.2(b)(1)(C). The application notes incorporate by reference the definition for aggravated felony set forth in § 1101(a)(43), which section also specifically includes "sexual abuse of a minor" within that definition. § 1101(a)(43); § 2L1.2, Application Note 3(A). Section 2L1.2 expressly provides that the district court should "apply the greatest" of any applicable specific offense characteristics. § 2L1.2(b)(1). In addition, the Guidelines's general application principles require the district court to apply the guideline provision that results in the highest sentence. U.S.S.G. § 1B1.1, Application Note 5.

Bautista-Garcia does not contend that his prior Texas convictions for sexual assault of a minor and indecency with a child not meet the definitions for both a crime of violence and an aggravated felony as those terms are defined in the application notes to § 2L1.2. Instead, Bautista-Garcia asserts that the definitions for COV and aggravated felony provided in the applications notes to § 2L1.2 conflict with the definition for aggravated felony provided in § 1101(a)(43). Bautista-Garcia argues that, as a result of this conflict, the rule of lenity applies, requiring that the more lenient enhancement be applied to his base offense level.

The rule of lenity applies only when, "after consulting traditional canons of statutory construction," the court is left with a truly ambiguous statute. United States v. Rivera, 265 F.3d 310, 312 (5th Cir. 2001). Although this court

has considered application of the rule of lenity to Guidelines provisions, the rule is applicable only where the meaning of the provision is not plain. Id. at 312-13. Accordingly, the rule of lenity is inapplicable in the instant case.

Under the plain language of the § 2L1.2, if a prior conviction falls in two categories of enhancements, the greater enhancement applies. Therefore, while Bautista-Garcia's prior conviction for sexual assault with a minor may be an aggravated felony that qualifies for an eight-level enhancement, it is also a crime of violence that qualifies for a 16-level enhancement. See United States v. Rayo-Valdez, 302 F.3d 314, 320 (5th Cir. 2002); see also United States v. Zavala-Sustaita, 214 F.3d 601, 604-08 (5th Cir. 2000). As a result, because § 2L1.2 advises the district court to apply the greater of the applicable enhancements, the district court did not err in applying the 16-level COV enhancement to Bautista-Garcia's base offense level.

AFFIRMED.